**13 CV 4178**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

STEVEN TIEMAN,

                     Plaintiff,

-against-

CITY OF NEWBURGH, PO JOSEPH
PALERMO, PO JOHN MAGUIRE, PO ERIC
ELTZ, PO PATRICK KELLY, PO ANTHONY
GIUDICE, PO CHRISTOPHER LAHAR,
STATE TROOPER MOISES NALES, TOWN
OF NEWBURGH, SGT. WILLIAM RANSOM,
AND UNKNOWN POLICE OFFICERS 1-5,

                     Defendants.

————————————————————x

Case No.

**VERIFIED
COMPLAINT**



## INTRODUCTORY STATEMENT

1.    This is an action for damages sustained by plaintiff against the above-named police officers, who unlawfully assaulted him and subjected him to excessive force during the course of his arrest, and against the City of Newburgh and the Town of Newburgh, as the supervisory bodies responsible for the conduct of the defendants and for its failure to take corrective action with respect to said police officers, whose vicious propensities were notorious, to assure proper training and supervision of the officers, or to implement meaningful procedures to discourage lawless official conduct.  The City of Newburgh and the Town of Newburgh are sued as persons under 42 U.S.C. Section 1983.

<u>JURISDICTION</u>

2.    This action arises under Sections 1983 and 1988 of Title 42 of the United States Code,

and the Fourth Amendment to the Constitution of the United States.  Jurisdiction is conferred by

28 U.S.C. §§ 1331, and plaintiff further invokes the pendant jurisdiction of this Court to consider

claims arising under state law.


<u>PARTIES</u>

3.    At all times relevant to the allegations of this complaint, plaintiff Steven Tieman is an

individual residing in the County of Dutchess, State of New York.

4.    At all times relevant to the allegations of this complaint, defendants PO JOSEPH

PALERMO, PO JOHN MAGUIRE, PO ERIC ELTZ, PO PATRICK KELLY, PO ANTHONY

GIUDICE, PO CHRISTOPHER LAHAR, and UNKNOWN POLICE OFFICERS 1-5, (hereafter

"defendant police officers") were employed by the City of Newburgh Police Department to

perform duties in the City of Newburgh.

5.    At all times relevant to the allegations of this complaint, defendant SGT. WILLIAM

RANSOM was employed by the Town of Newburgh Police Department to perform duties in the

Town of Newburgh.

6.    At all times relevant, the defendant police officers above-named were acting in the

capacity of agents, servants and employees of defendants City and Town of Newburgh and are

sued individually and in their official capacities.

7.    At all times relevant, defendant CITY OF NEWBURGH was a municipal corporation

duly formed under the laws of New York State, and was the employer and supervisor of the

defendant police officers.  As such, it was responsible for defendants' training, supervision and

conduct.  It was also responsible, under law, for enforcing the regulations of the City of

Newburgh Police Department and for ensuring that City of Newburgh police personnel obey the

laws of the State of New York and of the United States.

8.    At all times relevant, defendant TOWN OF NEWBURGH was a municipal corporation

duly formed under the laws of New York State, and was the employer and supervisor of

defendant police officer SGT. WILLIAM RANSOM.  As such, it was responsible for

defendant's training, supervision and conduct.  It was also responsible, under law, for enforcing

the regulations of the Town of Newburgh Police Department and for ensuring that Town of

Newburgh police personnel obey the laws of the State of New York and of the United States.

9.    At all times relevant to the allegations of this complaint, defendant STATE TROOPER

MOISES NALES (hereafter "individual defendant") was a police officer acting in his individual

capacity.


## FACTUAL ALLEGATIONS

10.    On June 17, 2010, at approximately 5:45 p.m., plaintiff was lawfully driving on a

public street in Newburgh, New York, when he was approached by a police officer, on

information and belief defendant PO Eric Eltz, who was wearing plain clothes.

11.    Without warning, and for no apparent reason, defendant Eltz began to yell at plaintiff

and told him to get out of the car.  Plaintiff was frightened and thought he was being robbed, so

he drove away.  Defendant Eltz and other police officers, including the above named police

officer defendants and individual defendants, then gave chase to plaintiff in a number of police

vehicles.

12.     After a brief car chase, plaintiff pulled over to the side of the road, put his pickup truck in park, turned off the engine, and raised his hands to surrender.

13.     At this point, one of the defendant police officers, on information and belief PO John Maguire, opened the truck door and ordered his police dog to attack plaintiff.  Plaintiff was thereupon attacked by the police dog, and punched numerous times by PO Maguire.

14.     Although not resisting the police officers in any way, plaintiff was then dragged from the truck and thrown to the ground by defendant PO John Maguire and the other police officer and individual defendants.  He was thereupon beaten severely by the defendant police officers, who at this point were laughing and telling the dog what a good job he had done.  There were at least fifteen or twenty police officers surrounding the plaintiff.

15.     Although plaintiff was now handcuffed and secured by the police officers, the police dog was again ordered to attack the plaintiff.  This second attack was completely unjustified, and resulted in numerous further physical injuries to the plaintiff.

16.     Plaintiff's injuries included deep dog bites and lacerations to his left side and left leg; bruising to his jaw, head, back, and arms;  lacerations to his right elbow;  and a broken left ring finger (caused by a dog bite).

17.     After his arrest, plaintiff was taken to the Newburgh City police station, and then taken for medical treatment to St. Luke's Hospital in Newburgh.  After being booked, he was then taken to Orange County Jail, where he was given further medical treatment.

18.     During his imprisonment, plaintiff's wounds became infected, and he was taken to Orange Regional Medical Center.  Plaintiff was treated with antibiotics via an intravenous tube, and he stayed there for several days.

19.    Plaintiff's injuries were severe and permanent.  As a result of his injuries, he has scarring and weakness in his limbs, and can no longer perform many ordinary physical tasks.  In addition, he has suffered, and continues to suffer, severe physical pain.

20.    He has also suffered serious and permanent psychological and emotional injuries, including depression, flashbacks, nightmares, unreasonable fear of dogs and police officers, and inability to concentrate.

## FEDERAL CAUSES OF ACTION

21.    Each and every allegation set forth in Paragraphs "1" through "20" is incorporated herein by reference.

22.    The above-described actions and omissions, engaged in under color of state authority by defendants, including defendants City of Newburgh and Town of Newburgh, responsible because of their authorization, condonation and ratification thereof for the acts of its agents, police officers above named, deprived plaintiff of the rights secured to him by the Constitution of the United States, including, but not limited to the Fourth Amendment right to be free from excessive force used in the course of an arrest.

23.    In addition, the defendant police officers are liable for failing to intervene while plaintiff's Fourth Amendment rights were being violated.  The defendant police officers are liable under this cause of action because (1)  the officers had a realistic opportunity to intervene and prevent the harm, (2) a reasonable person in the officers' position would have known that the plaintiff's constitutional rights were being violated, and (3) the officers did not take reasonable steps to intervene.

## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

24.    The aforesaid event was not an isolated incident.  The City of Newburgh and Town of Newburgh have been aware for years (from lawsuits, notices of claim and complaints filed with the municipalities themselves and their police departments) that many of their police officers are insufficiently trained with respect to the laws and regulations regarding use of force during an arrest.  The municipalities are further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, the municipalities have failed to take corrective action.  This failure caused the officers in the present case to violate plaintiff's civil rights.

25.    The City and Town of Newburgh are also liable because they have been on notice that the defendant police officers lack the objectivity, temperament, maturity, and discretion to be members of their respective police departments.  Despite such notice, the municipalities have retained the individual defendants as police officers.  This conduct amounts to gross negligence and deliberate indifference to the rights of citizens such as the plaintiff.

## ATTORNEY'S FEES

26.    Plaintiff is entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988.

WHEREFORE, plaintiff demands the following relief, jointly and severally, against all defendants:

     (a)    Compensatory damages in the amount to be determined at trial;

     (b)    Punitive damages in the amount of to be determined at trial;

    (c)     Attorneys' fees pursuant to 42 U.S.C. 1988; and

    (d)     Such other and further relief as to the Court seems just and proper.

DATED:    Fishkill, New York
               June 12, 2013

STEVEN TIEMAN (12A5433)
Pro Se
Fishkill Corr. Facility
Box 1245
Beacon, NY  12508

7

VERIFICATION

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF DUTCHESS      )

STEVEN TIEMAN,  being duly sworn, deposes and says:

I am the named plaintiff in this action.

I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

STEVEN TIEMAN

Sworn to before me this
12th day of June, 2013.

Notary Public, State of New York

STEPHEN S. COBB
Notary Public, State of New York
No. 01CO6074250
Qualified in Orange County
Commission Expires May 13, 201

13 CV 4178

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Steven Tieman,

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| City of Newburgh, PO Joseph Palermo, PO John Maguire, PO | ) |
| Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher | ) |
| Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper | ) |
| Moises Nales, and Unknown Police Officers 1-5, | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   City of Newburgh
83 Broadway
Newburgh, NY 12550


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:



If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

STEVEN TIEMAN

_____
*Plaintiff*

City of Newburgh, PO Joseph Pélermo, PO John Maguire, PO
Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher
Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper
Moises Nales, and Unknown Police Officers 1-5,
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PO Eric Eltz
c/o City of Newburgh Corporation Counsel
83 Broadway
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

STEVEN TIEMAN

_____
*Plaintiff*

City of Newburgh, PO Joseph Palermo, PO John Maguire, PO
Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher
Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper
Moises Nales, and Unknown Police Officers 1-5,
_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PO Anthony Giudice
c/o City of Newburgh Corporation Counsel
83 Broadway
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

STEVEN TIEMAN

_____
*Plaintiff*

City of Newburgh, PO Joseph Pelermo, PO John Maguire, PO
Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher
Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper
Moises Nales, and Unknown Police Officers 1-5,
_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PO Patrick Kelly
c/o City of Newburgh Corporation Counsel
83 Broadway
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

STEVEN TIEMAN

_____
*Plaintiff*

City of Newburgh, PO Joseph Palermo, PO John Maguire, PO
Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher
Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper
Moises Nales, and Unknown Police Officers 1-5,
_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    PO Christopher Lahar
c/o City of Newburgh Corporation Counsel
83 Broadway
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| STEVEN TIEMAN | ) | |
| _____ | ) | |
| *Plaintiff* | ) | Civil Action No. |
| City of Newburgh, PO Joseph Palermo, PO John Maguire, PO | ) | |
| Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher | ) | |
| Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper | ) | |
| Moises Nales, and Unknown Police Officers 1-5, | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PO John Maguire
83 Broadway
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

STEVEN TIEMAN

> )
> )
> )

*Plaintiff*

> )

City of Newburgh, PO Joseph Palermo, PO John Maguire, PO )   Civil Action No.
Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher )
Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper )
Moises Nales, and Unknown Police Officers 1-5, )

*Defendant*

> )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PO Joseph Palermo
c/o City of Newburgh Corporation Counsel
83 Broadway
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| STEVEN TIEMAN | ) |
| _____ | ) |
| *Plaintiff* | ) |
| | ) Civil Action No. |
| City of Newburgh, PO Joseph Pelermo, PO John Maguire, PO Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper Moises Nales, and Unknown Police Officers 1-5, | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   State Trooper Moises Nales
2022 Route 208
Montgomery, NY 12549

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Steven Tieman, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| City of Newburgh, PO Joseph Palermo, PO John Maguire, PO | ) |
| Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher | ) |
| Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper | ) |
| Moises Nales, and Unknown Police Officers 1-5, | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Town of Newburgh
1496 Route 300
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Steven Tieman,

_____
*Plaintiff*

City of Newburgh, PO Joseph Palermo, PO John Maguire, PO
Eric Eltz, PO Patrick Kelly, PO Anthony Giudice, PO Christopher
Lahar, Town of Newburgh, Sgt. William Ransom, State Trooper
Moises Nales, and Unknown Police Officers 1-5,

_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Sgt. William Ransom
c/o Town of Newburgh
1496 Route 300
Newburgh, NY 12550

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
*Signature of Clerk or Deputy Clerk*